IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

TIKTOK INC., *et al.*,

        Plaintiffs-Appellees,

v.

JOSEPH R. BIDEN, JR.,
  President of the United States, *et al.*,

        Defendants-Appellants.

No. 20-5302

**UNOPPOSED MOTION TO VOLUNTARILY DISMISS APPEAL**

Pursuant to Fed. R. App. P. 42(b), defendants-appellants hereby move to voluntarily dismiss this appeal, with each party to bear its own fees and costs for the appeal. Counsel for plaintiffs-appellees have authorized us to state that plaintiffs do not oppose this motion.

This appeal involves a series of prohibitions issued by the Secretary of Commerce that regulate certain transactions with TikTok Inc. and its parent company ByteDance Ltd. *See* 85 Fed. Reg. 60,061 (Sept. 24, 2020). The district court enjoined those prohibitions from taking effect, and the government appealed that injunction to this Court.

The Biden Administration has issued a new Executive Order that, among other things, establishes processes for evaluating and taking appropriate action with respect to certain risks posed by connected software applications. *See* Exec. Order No. 14,034, *Protecting United States Persons' Sensitive Data from Foreign Adversaries*, § 2(b)-(d), 86 Fed. Reg. 31,423, 31,424-25 (June 11, 2021). Without prejudice to any potential future actions, the new Executive Order revoked the prior administration's Executive Order pertaining to TikTok, *see id.* § 1 (revoking Exec. Order. No. 13,942), and further directed that all Executive Branch agencies "promptly take steps to rescind any orders, rules, regulations, guidelines, or policies . . . implementing or enforcing" that prior Executive Order. *Id.* § 2(a).

Pursuant to the newly issued Executive Order, the Secretary of Commerce has rescinded the prohibitions at issue in this appeal. *See* Rescission of Identification of Prohibited Transactions With Respect to TikTok and WeChat, 86 Fed. Reg. 32,757 (June 23, 2021). The preliminary injunction that is the subject of this appeal, which enjoined the Secretary from enforcing those prohibitions, therefore has no further effect, and this appeal is moot. *See, e.g.*, *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 106 (D.C. Cir. 2016).

The government thus seeks to dismiss this appeal, with each party to bear its own fees and costs. Counsel for plaintiffs-appellees have authorized us to state that plaintiffs do not oppose this motion.

Respectfully submitted,

H. THOMAS BYRON III

/s/ *Casen B. Ross*
CASEN B. ROSS
  *Attorneys, Appellate Staff*
  Civil Division, Room 7270
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  202.514.1923

JULY 2021

# CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point CenturyExpd BT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 338 words, according to the count of Microsoft Word.

*/s/ Casen B. Ross* .
CASEN B. ROSS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ <i>Casen B. Ross</i><br>
CASEN B. ROSS